E. R. AND F. KEEFER *vs.* WILLIAM H. MATTINGLY.—*Dec.* 1843.

This court is limited by the act of 1825, ch. 117, to the consideration of the questions presented to the county court upon the bills of exceptions.

An instrument of writing in the following words, viz : "we hereby bind our-selves to pay W all that we receive over $400 of the C. and O. C. company in our cases against said L and M," signed by the defendant, does not *per se* contain evidence of a consideration.

But the connexion of this paper with other proof leading to the inference, that the plaintiff in the action had forborne to defend certain actions depending at the time of its execution, and in consequence of, and reliance upon it, allowed judgments to be rendered, is sufficient evidence of a consideration for its execution, proper to be left to the jury.

The court is the proper tribunal to construe and determine the legal effect and construction of instruments of writing : but where deductions are to be drawn from the conduct of parties in the execution of such instruments, at the time, in the manner, and under the circumstances existing in the case, the jury are the proper forum to make such deductions.

L assigned to M his claim against the C. and O. C. company. At this time K had an attachment pending against the funds of L, in the hands of the company, and shortly afterwards agreed to pay M all sums he should receive over and above the sum of, &c. In an action by M against K to recover such surplus, the assignment from L to M is admissible evidence, as a basis for the introduction of the agreement between M and K, and calculated to explain the reasons for that agreement.

Keefer *vs.* Mattingly.—1843.

Appeal from *Frederick* County Court.

This was an action of *Assumpsit*, commenced on the 30th August 1841, by the appellee against *Ezra R. and Michael Keefer*, partners, trading under the firm of *E. R. & M. K.* The plaintiff declared upon an indebtedness for sundry articles and matters properly chargeable in account; and upon the money counts. The defendant pleaded non-assumpsit, on which issue was joined.

1st Exception. At the trial of the cause, the plaintiff, to support the issues joined on his part, offered in evidence to the jury, short copies of two judgments of condemnation, rendered in the Circuit Court of *Washington* county, in the *District of Columbia*, against the *Chesapeake and Ohio Canal Company*, accompanied with a letter from *Brent* and *Brent*. They then offered in evidence by *Thomas Turner*, a competent witness, that on the 16th day of December 1840, *Ezra R. Keefer*, one of the plaintiffs in said judgment, (and who was admitted to be one of the firm of *E. R. & M. Keefer*,) received on said judgments from the canal company, the sum of $1,217, in full of said judgments, which receipts are annexed to said judgments, the execution of which receipts are admitted.

Circuit Court of Washington County, *District of Columbia. Michael Keefer and Ezra R. Keefer vs. The Chesapeake and Ohio Canal Co., garnishees of Leckie and Mattingly.* November term 1840. 14th December, judgment of condemnation for $744.06, and costs. Costs, $15.63.

Test, W. Brent, Cl'k.

Dec. 15th 1840. Examined and passed,

$744 06  J. McPherson,
445 52  Jacob Markell.
—————
1,189 58
5
—————
$59.47,90

COURT ROOM, *Washington City, Dec.* 14, 1840.

*Gentlemen,*—The short copy above and the one on the other side, will enable you to receive the amounts or the judgments from the *Chesapeake and Ohio Canal Company.* Our fee is five per cent. upon the amount, which will be $59.47. The costs in both suits amount to $28.50, from which deduct $10 deposited, will leave $18.50, which added to our fee, will make $77.97, which please to forward to us by a check on one of our banks, or enclose to us in notes of your bank, evidenced by some person to have been placed in the post office.

Yours respectfully,     BRENT & BRENT.

Addressed to *Messrs. E. R. and M. Keefer, Frederick town.*

CIRCUIT COURT, WASHINGTON COUNTY, *District of Columbia. Michael Keefer and Ezra R. Keefer vs. The Chesapeake and Ohio Canal Co., garnishees of Samuel A. Leckie and William Mattingly.* November term 1840. 14th December, judgment of condemnation for $444.52, and costs. Costs $12.87.

Test,     W. BRENT, Cl'k.

December 15th, 1840.   Examined and passed,

| | | |
|---|---|---|
| $59 47 | 12 87 | J. McPHERSON, |
| 18 50 | 15 63 | JACOB MARKELL. |
| $77 97 | $28 50 | |

Received December 16th 1840, in full of the annexed judgments, twelve hundred and seventeen dollars and ninety cents, of *Thomas Turner, Clk. C. & O. C. Co.* in scrip of December 9th, payable 9 months after date, with interest.

E. R. & M. KEEFER.

Passed by order of the board 15th December, 1840.

THOS. TURNER, Clk.

CANAL OFFICE, *Frederick, July* 1, 1843.

I certify the aforegoing to be a true copy of an original paper on file in this office.     Test,     THOS. TURNER,

| | | |
|---|---|---|
| 1st Judgment | $744 06 | *Clk. C. & O. C. Co.* |
| Cost | 15 63 | |
| 2nd. do. | 444 52 | |
| Cost | 12 87 | |
| | $1,217 08 | |

The plaintiff then further to support the issue on his part joined, offered in evidence the following paper, the due execution of the same by *E. R. & M. Keefer*, the firm aforesaid, having been admitted :

FREDERICK, *December* 11, 1840.

We hereby bind ourselves to pay *William H. Mattingly* all that we receive over $400 of the *Chesapeake and Ohio Canal Company*, in our cases against said *Leckie* and *Mattingly*.

E. R. & M. KEEFER.

The plaintiff then offered in evidence to the jury, a paper purporting to be an assignment from *S. H. Leckie* to *William H. Mattingly*, the plaintiff, of all the right, title and interest of him the said *S. H. Leckie*, of and in all his claims against the canal company, the execution of which paper is admitted, viz:

"For value received, I hereby assign, transfer and convey unto *William H. Mattingly*, his executors, administrators or assigns, all claims and demands, both at law and in equity, which I now have or may at any time heretofore have had, against the *Chesapeake and Ohio Canal Company*, arising under my contract with said company, for the construction of section No. 279 of the canal, and all my interest in the suit pending in my name against the said company in the Circuit Court for *Washington* county, in the *District of Columbia*, and in judgment or judgments which may be obtained in said suit; and all my interest in the 20 per cent. or "back money" retained out of the estimates for work done on said section, by the undersigned and the said *Mattingly*, as partners; and finally, all my right, title and interest of every description, appertaining to said section, and all my claims of every kind against the said company. In witness whereof, I have hereunto set my hand and affixed my seal, this third day of October, in the year of our Lord one thousand eight hundred and forty.

S. H. LECKIE, (Seal.)"

To the admissibility of which last paper the defendant objected, but the court (BUCHANAN, C. J., and BUCHANAN, A. J.,) overruled the objections and admitted the said paper to be read to the jury. The defendants excepted.

24    v.1

2ND EXCEPTION. In this case, the defendants by their counsel, upon the evidence offered in the first bill of exceptions, which is to be taken as part of this their second bill of exceptions, prayed the court to instruct the jury, that upon all the evidence offered to the jury, the plaintiff is not entitled to recover, because there is no sufficient consideration for the promise or agreement made by *Ezra R.* and *Michael Keefer* to pay to *William H. Mattingly* all they might receive over $400 of the *Chesapeake and Ohio Canal Company,* in their cases against *Leckie* and *Mattingly;* but the court were divided in their opinion as to the direction prayed for as aforesaid; wherefore they did not give the opinion and direction prayed for by the defendants.   The defendants excepted.

· The verdict and judgment being for the plaintiff, the defendant prosecuted this appeal.

The cause was argued before STEPHEN, ARCHER, CHAMBERS and SPENCE, J.

By PALMER for the appellants, and
By F. A. SCHLEY, DULANY and ADDISON for the appellees.

ARCHER, J., delivered the opinion of this court.

Various questions have been discussed in this cause, which we think do not legitimately arise on the record. We are limited by the law of 1825, chap. 117, to the consideration of the question presented to the court below.  To this we shall confine our judgment.  The court were called upon to say, there was no sufficient evidence of a consideration proved in the case.  The writing signed by the defendants binding themselves to pay to the plaintiff whatever sum they should receive in their cases against *Leckie* and *Mattingly,* of the *Chesapeake and Ohio canal company,* does not in itself contain evidence of a consideration, and if the action had been founded on this instrument, it would have been necessary to have had proper averments of a consideration.  By the evidence offered by the plaintiff, it appears that the defendants had instituted two actions by attachments in the Circuit Court for the county of

*Washington*, in the *District of Columbia*, against *Leckie* and *Mattingly*, and laid the same in the hands of the *Chesapeake and Ohio Canal Company*, which actions had been instituted to the November term of that court in the year 1840, and were depending at the time of the execution of the writing referred to. The claim of the defendants in those actions amounted as is demonstrated by the judgments obtained, to the sum of $1,189.85. That the writing refers to these cases is obvious by the designation of the parties, and the absence of evidence of any other controversy depending in any court between the parties. From this writing it may be inferred, that the extent of the defendant's claim in those suits was adjusted, and the balance ascertained to be due them was $400. Then the defendants, by the same writing, bind themselves to pay to the plaintiffs all over the $400 which they should receive from the canal company in these cases. Two days after this, a judgment of condemnation is entered for the whole extent of the claim, and canal scrip on the fourth day after the agreement, is received for the whole amount of the judgments. Is it not a legitimate inference from these proceedings of the parties, that *Mattingly* forebore to defend the attachment cases in the circuit court, and in consequence of the agreement and in reliance upon it, allowed the judgment to go against the canal company? If but $400 was due the plaintiffs from *Leckie* and *Mattingly*, they might successfully have resisted the condemnation beyond that sum, which they forebore to do, in consequence of the agreement relying on the defendant's willingness and ability to pay them whatever they should recover of the canal company, beyond the $400. We think therefore there was sufficient evidence of a consideration proper to be left to the jury. The court it is true, is the proper tribunal to construe and determine the legal effect and construction of instruments of writing; but when deductions are to be drawn from the conduct of the parties in the execution of such instruments, at the time, in the manner, and under the circumstances, existing in the case, the jury are the proper forum to make such deductions. We therefore think it was properly a

question for the jury to determine whether a consideration ex-
isted in the case, and there was sufficient evidence before them
for this purpose.

We also think the court were right in allowing the assign-
ment from *Leckie* to *Mattingly* to be offered in evidence. It
formed a proper basis for the introduction of the agreement of
the defendants which was offered in evidence, and was calcu-
lated to explain the reason for the defendants contracting
entirely with the plaintiff in relation to the surplus over $400,
to be received by the defendants on their attachments against
*Leckie* and *Mattingly.* JUDGMENT AFFIRMED.