## FRANCIS H. DRYDEN *vs.* SAMUEL S. BARNES.

*Original Undertaking to Indemnify for Another's Default—Consideration—Removal of Some of the Personal Property Sold With a Farm—Evidence—Memorandum Made by a Third Person—Recovery for Breach of a Contract After Acceptance of Partial Delivery.*

Plaintiff made with defendant, the agent of the owner, an agreement to buy a farm together with the personal property then placed on it. Afterwards, when plaintiff found that some of the articles had been removed, he notified defendant that he would refuse to conclude the purchase. Thereupon defendant agreed in writing to see that plaintiff "is paid for every article on the farm according to contract." *Held*, that this agreement is not a guaranty of the obligation of the owner of the farm, within the Statute of Frauds, but is an original undertaking on the part of the defendant, and the consideration supporting it was the relinquishment by the plaintiff of his right to rescind the contract of purchase.

*Held,* further, that since the agreement is an original undertaking it is not necessary that the consideration should appear on the face of the writing, the agreement having been made prior to Code, Art. 35, sec. 38, which provides that the consideration for a guaranty need not appear upon the face of the writing but may be proved *aliunde.*

In an action for breach of a contract for the sale of a farm together with the articles of personal property thereon, plaintiff alleged that some of the articles agreed to be sold to him had been removed. He offered evidence to show that prior to the making of the contract a list of the articles on the farm had been given to him by its then occupant; that plaintiff read this list to a witness, who had been a manager of the farm a few months before the purchase, and that they made and signed another inventory based on the list, which was lost at the time of the trial. *Held,* that this evidence is inadmissible, since it is not shown that the list was made by the authority of the vendor, or of the defendant as his agent, or that either the plaintiff or his witness had any personal knowledge of the accuracy of the list at the time it was made.

Testimony of a witness based on a memorandum not made by him, and which he did not know at the time it was written to be true, is not admissible.

Defendant agreed to sell to plaintiff a farm together with the personal property thereon. Plaintiff alleged that some of the articles had been removed and brought this action to recover damages for this breach of the contract. *Held,* that the plaintiff must offer evidence to show what articles were on the farm at the time of the making of the contract and that some of them had been taken away.

When a contract has been made for the sale of a certain number of articles and the purchaser takes possession of what is offered, he is not estopped from showing afterwards that he did not receive all that was included in the contract, although at the time of delivery he had an opportunity to examine the property.

The admission of incompetent evidence which was not injurious to the appellant does not constitute reversible error.

Appeal from the Circuit Court for Wicomico County (PAGE, C. J., and LLOYD, JJ.)

*Defendant's 5th Prayer.*—If the jury find from the evidence that the plaintiff at the time the farm and the personal property mentioned in the contract, and the keys to the Westover house were delivered to him and he took possession of the same, expressed himself as satisfied and willing to receive the same as fulfillment of the contract, he is estopped from deny-

ing that he received what he was entitled to receive under the contract of sale, if they further find from the evidence that he had full opportunity to examine and inspect the personal property there. (*Rejected.*)

*Defendant's 6th Prayer.*—If the jury find from the evidence that the plaintiff knew the defendant was acting as the agent of Frederick Baldt, Jr., in making the contract of sale, that then there is no sufficient consideration to support any promise made (if they find such promise) by the defendant personally to be responsible for any deficiency in the personal property mentioned in the contract of sale and that the contract itself discloses such agency, and that on that account their verdict must be for the defendant. (*Rejected.*)

*Defendant's 7th Prayer.*—That there is no evidence that any personal property mentioned in the bill of particulars as not having been received by the plaintiff was on the farm at the time the contract of sale was made. (*Rejected.*)

*Defendant's 10th Prayer.*—That under the pleadings in this cause the plaintiff is not entitled to receive a verdict unless they believe, from the evidence that the defendant within three years before the bringing of this suit, acknowledged that he was indebted or obliged to the plaintiff for the loss alleged in the *nar.* or some part thereof. (*Rejected.*)

*Defendant's 11th Prayer.*—That if the jury find from the evidence that the plaintiff by agreement with defendant, went to the Westover farm to receive possession of the real and personal property, mentioned in the contract offered in evidence, of August 7th, 1899, from George A. Cox by request of defendant, then representing him, and to close up the contract and had fair and full opportunity to investigate whether all the property mentioned as part of what he was to have but not scheduled in said contract was there and after such examination expressed himself satisfied and willing to accept the keys and property as fulfillment of said contract, and did receive the same and take possession thereof, then the jury may find from said facts, when considered in connection with all the circumstances of the case as shown by the evidence,

that he did find at the time all the personal property there, that he was entitled to receive and did receive it.    And if they so find their verdict must be for the defendant.    (*Rejected.*)

The cause was submitted to the Court on briefs by:

*Melvin & Handy*, for the appellant.

*Joshua W. Miles* and *Henry L. D. Stanford*, for the appellee.

JONES, J., delivered the opinion of the Court.

This appeal is brought up upon the exceptions, set out in the record, taken to rulings in the trial below upon questions of admissibility of evidence, and to the instructions to the jury.    These exceptions will be examined in the order in which they occur.    The appellee here was the plaintiff below and recovered against the appellant, the defendant below, the judgment from which the appeal was taken.

The *nar.* in the case consists of a single count; and alleges that on or about the 7th of August, 1899, the appellant, as agent for a certain Frederick Baldt and wife, "entered into a contract to sell and did sell" to the appellee "certain personal property then belonging" to said Baldt and wife and being on a certain named farm in Somerset County, this State; "and that among and forming a part of said personal property there were certain articles," &c., "of the nature or kind and of the value set forth in a bill of particulars filed" with the *narr.* that afterwards the appellee discovered that said articles, &c., set forth in the bill of particulars "had been removed from said farm, and in any event, were never delivered to said plaintiff" (appellee) who made demand upon the appellant "as agent aforesaid for the delivery of the same or the payment therefor, whereupon, on the 13th day of September, 1899, said defendant (appellant) in his individual and personal capacity, agreed in writing, to see that said plaintiff (appellee) should be paid for every article so sold to him as aforesaid according to said contract, but the said defendant (appellant) has refused

and neglected and still refuses and neglects to pay the plaintiff (appellee) therefor or for any part of the same," &c. The appellant pleaded *non-assumpsit*, limitations and payment. The case was tried upon issues made up on these pleas.

The first exception of the appellant was to the admissibility in evidence of a writing signed by him and reading as follows: "I hereby agree to see that Mr. Samuel S. Barnes (appellee here) is paid for every article belonging to Frederick Baldt or his wife on the Westover farm according to contract." As introductory to the offer of this paper the plaintiff produced in evidence the contract of sale referred to in the *narr.* as having been executed to the plaintiff by the defendant as agent for Frederick Baldt and wife, which was dated on the 7th of August, 1899, and is an agreement to sell to the plaintiff the farm "Westover" mentioned in the *narr.* and also "all and singular the personal property contained in or on said farm and belonging to said Frederick Baldt, his wife, or either of them, excepting therefrom" certain horses and other named personal property, "at and for the sum of seventeen thousand dollars ($17,000)" payable $500 "on or before September 1st, 1899," according to a promissory note given by the plaintiff to the defendant for the sum of $500 and the further sum of thirteen thousand and five hundred dollars on or before the same date; and the remainder of the purchase money, $3,000, to be paid "out of and from the sale of the personal property," sold to the plaintiff under said contract, "within four months from" the date thereof and to be secured as the contract provided. Possession of the personal property was to be given to the plaintiff immediately upon his complying with the terms of sale and possession of the farm "not later than said 1st day of September, 1899." A "good and sufficient deed and conveyance" was to be at once executed by Baldt and wife to the plaintiff and placed as an escrow with a named bank to be delivered to the plaintiff as soon as he complied with the terms of sale. The receipt by the defendant of the promissory note of $500 payable on September 1st, 1899, as provided in the contract, was acknowledged.

The plaintiff then testified on his behalf that he had personal knowledge of all the articles that were on the farm; that after he contemplated purchasing the same he visited the farm and found some of the articles being removed by the then occupant; that he had a conversation with Frederick Baldt, Sr., as to what the latter wanted to sell; that Frederick Baldt, Jr., the then occupant of the farm brought him, plaintiff, a list purporting to be a list of personal property then on the farm; that this was before he (plaintiff) had any idea of buying the farm or before he had any negotiations for a purchase; that after the contract of purchase was entered into with the defendant, but before accepting the contract and taking possession of the farm he notified the defendant that some of the personal property on the farm had been removed, and received from the defendant a letter enclosing one from Mr. Baldt, Sr., both of which are set out in the record, and in the latter of which it is stated that certain articles therein named were removed from the farm by mistake and that the same would be returned. None of these articles are among those contained in plaintiff's bill of particulars. The plaintiff then further testified that after this he met the defendant on the cars on the 13th of September, 1899, "and told him that some things were being removed from the farm and that he (plaintiff) was going to throw up the farm;" and thereupon the defendant executed and gave him the paper writing which has been set out, and to the admission of which by the Court the defendant's first exception was taken.

It is argued in support of this exception that the writing in question evidences a collateral undertaking and that being prior to the passage of the Act of 1900, ch. 362—Code 1904, Art. 35, sec. 38—it is void under the Statute of Frauds because no consideration is expressed therein. In *Elder* v. *Warfield*, 7 Har. & J. 391–8, it is said, in ascertaining whether an undertaking is collateral or not, "the extent of the undertaking, the expressions used, the situation of the parties, and all the circumstances of the case should be taken into consideration." Applying these considerations here makes the

undertaking of the defendant in question appear as a direct
and original and not as a collateral one. It did not have ref-
erence to making good the liability of Baldt under the con-
tract the defendant had made for him; but appears rather as
intended to serve the purpose of the defendant himself. When
the plaintiff called the attention of the defendant to the fact
that articles were being removed from the farm in August the
latter referred the matter to Baldt, Sr., the principal in the
contract of sale of the 7th of August, 1899, but when in Sep-
tember he saw the defendant and then informed him of the
removal of articles from the farm that he claimed were in-
cluded in his contract with the defendant as agent of Baldt;
and indicated that he would "throw up the farm" the defend-
ant gave him the agreement in writing here in question. This
was before plaintiff had accepted the contract of purchase of
the farm and personal property by taking possession under it
and if the other party thereto failed or refused to carry out
the contract, as made, the plaintiff had the right to rescind,
and put an end to it. *Balto. City* v. *Schaub Bros.*, 96 Md.
534. As Baldt, Sr., lived at the time in Pennsylvania the
plaintiff may, on this account, have preferred to rescind the
contract rather than undertake to enforce it. It is inferable
that the defendant gave the plaintiff the agreement in writing
here in question as an inducement for him to relinquish the
right to rescind and to consummate the contract. The de-
fendant had an interest in having the contract consummated
because he had a claim to commissions on the sale made
thereby. It is no answer to this to say that the defendant's
commissions were already earned, for be this as it may, a re-
scission of the contract under the circumstances would have
raised complications as to these; and thus there was supplied
to the defendant a motive and reason; and derived to him
an advantage in preventing such rescission. In *Andre* v. *Bod-
man*, 13 Md. 241, it was laid down that if a mechanic who
had done work for a contractor should be restrained from
filing a claim for a lien by a promise of the owner to pay him
by which his lien against the property on which the work

was done was lost, the owner would be liable on such promise though not in writing. Upon the question whether the agreement or writing which is the subject of the exception we are considering was a collateral or an original undertaking the principle thus enunciated in *Andre* v. *Bodman, supra,* is applicable.

The agreement expressed in the writing here in question being an original and not a collateral undertaking the consideration therefor did not need to be set forth in the writing but could be shown *aliunde,* (1 *Parsons on Cont.,* 431, 9 ed.) and is made to appear in the circumstances already mentioned. In this regard an analogous case to the one at bar is that of *Keefer* v. *Mattingly,* 1 Gill, 182. There was a different state of pleading in that case—the declaration there being upon an indebtedness for sundry articles, &c., properly chargeable in account and the money counts; and the Court said that if the paper writing which was the foundation of the plaintiff's claim and which did not, in itself, set forth a consideration, had been declared on "it would have been necessary to have had proper averments of a consideration." But as the case was presented the Court held that the paper could be connected with facts and circumstances appearing in the proof which were proper to be submitted to the jury as affording inferences as to the consideration. In the case at bar the plaintiff declared upon the paper writing, or agreement evidenced thereby, which is under consideration. If it be that the plaintiff has omitted from the *nar.* "proper averments of a consideration" no question as to that arises on this record. This would have been a ground of demurrer to the declaration. 4 *Encyc. Plead. & Prac.,* 929. And no demurrer having been interposed all question as to the sufficiency of the *nar.* in the regard mentioned must be considered as waived. Code, 1904, Art. 75, sec. 9; 1 *Poe's Plead. & Prac.,* sec. 756A; *Davis* v. *Carroll,* 71 Md. 569; *Huntington* v. *Emery,* 74 Md. 70, and no question is here determined as to that. So much has been said because of some allusion in one of the briefs to the pleading in connection with the question of admissibility

of evidence raised by this first exception. The defendant here took direct issue with the averments of the *nar.* that he had "agreed in writing," &c. The writing, as we have seen, was in itself proper evidence of the agreement without expressing a consideration and was supported by a consideration shown *aliunde.* The ruling in the first exception must be affirmed.

In the ruling in the second exception there was error. The object of this offer of evidence could only, properly, have been to show facts tending to prove that personal property that was on the farm "Westover" on the 7th of August, 1899, and covered by the contract of that date, between the appellee, and the appellant, as agent for Baldt, had been removed and not delivered to the appellee when he went into possession under the contract. It appears from evidence, that has already been referred to, that Frederick Baldt, Jr., who occupied the farm "Westover" prior and up to the time the appellee went into possession of it, had, before the appellee "had any idea of buying the place, at least before he had any negotiations for the same," given to the appellee what purported to be a list of personal property "then on the farm." At the time of the trial below this list had been lost and was not produced. At what precise time this list was made, why it was made, and under what circumstances or by what authority does not appear. It further appears that one Charles J. Handy had been a manager of the farm in question prior, and up, to March 1st, 1899, when he was succeeded by Frederick Baldt, Jr. Handy left the farm on March 1st, 1899, and never returned to it until the following October. The appellee testified that after taking possession of the farm in question he did not find certain articles of personal property which were mentioned in the list furnished by Frederick Baldt, Jr., and which he had lost; and in connection with this evidence produced a paper signed in one place by him and in another place by Charles J. Handy and made up as follows: The appellee, from the list of articles furnished to him as aforesaid by Frederick Baldt, Jr., read off to Handy the arti-

cles on the list and asked him if the articles respectively were on the farm when he left there in March, 1899, and Handy wrote down those he remembered being there and then signed the paper. "Handy did not know who made the list from which plaintiff (appellee) asked his questions nor where the plaintiff got the same." No one was present at the time of so making and signing the list but the appellee and himself and he did not know whether the articles mentioned in the list made and signed by him were on the farm on the 7th of August, 1899, or not. The appellee supplemented this list made by Handy with one made and signed by himself purporting to be a list of other articles on the list furnished by Baldt, Jr., which the appellee did not find on the farm at the time of taking possession. The exception now being considered states that against the objection of the appellant the Court admitted the testimony given by the witnesses, just named, in connection with the lists of articles made up as has been shown and permitted the said witnesses to refresh their recollection by using said lists.

It is not perceived upon what principle the testimony referred to could be admitted. It seems clearly to come within the rule of hearsay. Its admission, in effect, gave to the jury the unsworn testimony of Frederick Baldt, Jr., a stranger to the transaction as to which the testimony was given. The lists used by the witnesses were but the reproduction as far as they went of the list prepared by Baldt, Jr. It does not appear that the list made by him was made by the authority, direction, knowledge or consent of anybody sought to be affected by it nor that it had any authoritative connection with the contract of the 7th of August, 1899. It was at best only his independent statement of the facts set out therein as they existed at the time the list was made, whenever that was. Neither of the witnesses in question was present at the making of the list or had any personal knowledge of the truth of the statement at the time it was made. The list could only have been offered (a proper foundation having been laid) with the effect of showing the existence, at the time it was made,

of .the facts contained in it, for what this might be worth as affecting the ultimate fact to be proved. It is entirely clear that the witnesses in question could not have used the list or statement made by Baldt, Jr., for the purpose of aiding by their testimony the proof of the facts set out therein; and it follows necessarily that they could not use, for such purpose, partial copies or reproductions thereof made up in the way indicated in their testimony. The copies could certainly give no better knowledge of the facts than the original; and it is equally true that they could not give a knowledge of any facts beyond those contained in the original. Now what is the rule of law governing the production of this character of evidence if the original statement made by Baldt, Jr., which, it was testified, had been lost at the time of the trial below, had been in Court and in the hands of the witnesses at that trial. In 1 *Green Ev.*, sec. 436, it is laid down that, "where the witness neither recollects the fact, nor remembers to have recognized the written statements as true, and the writing was not made by him, his testimony so far as it is founded upon the written paper is but hearsay and a witness can no more be permitted to give evidence of his inference from what a third person has written than from what a third person has said." As further explaining the rule of law here to be applied reference will be made, among the many authorities that might be cited, only to *Owens* v. *State,* 67 Md. 307, and 2 *Poe's Plead. & Prac.,* secs. 263, 264. Upon the exception just discussed the action of the trial Court must be reversed.

There is nothing in the appellant's third exception which would justify a disturbance of the judgment below. It will not be necessary to set out in detail the evidence leading up to this exception. Briefly stated the appellant offered in evidence proceedings in a suit in the Circuit Court for Somerset County by George A. Cox, a witness for the appellant in the case at bar, against the appellee, here, at the April Term, 1902, of that Court. The cause of action was a promissory note executed to the plaintiff in that case by the appellee here to which among other pleas was one of set-off. Upon de-

mand for a bill of particulars of the claim of set-off appellee produced to the attorney of Cox the identical particulars embraced in the statement of particulars in the case at bar. The bill of particulars was never filed in the suit—the same having been settled by the parties and entered settled and released. The case mentioned never having been tried nothing appears in the proceedings therein to show how the set-off claim was disposed of; but in the case at bar there is testimony to the effect that it was taken into account in the settlement between the parties. There is nothing in the record to indicate the details or terms of such settlement. The record mentions a release accompanying the settlement passing from the appellee here to the plaintiff in that case, Cox. The release however is not contained in the record and its terms, reservations and conditions, if any, or what it embraced as a settlement of the matters brought into the suit are not disclosed. What connection therefore there can be between the suit just referred to and the one at bar or how the appellant's defense in this case can be affected by the result in that it is not possible to see, especially as one of his own witnesses testifies that his name was not mentioned in the course of the settlement in that case. The materiality of this testimony therefore is not perceived. It was offered and admitted however in the Court below without objection in connection with the testimony of the witness Cox. At the close of the appellant's testimony the appellee offered a witness in rebuttal and asked the witness as to an alleged statement by Cox in regard to what constituted the consideration of the note upon which he had sued the appellee. To this the appellant objected and the objection having been overruled the exception under consideration was taken. Any injury to the appellants by this ruling is not apparent in any point of view but an inspection of the record shows that Cox in his own testimony on cross-examination had given substantially the same testimony as was given by the appellee's witness in rebuttal under the ruling excepted to. The only difference between Cox and the appellee's witness, apparently, was that the latter said that Cox

had made the statement, to which he testified, to him, and Cox said he had made such a statement but did not remember making it to the witness who testified.    The ruling in the third exception for the reasons stated will be affirmed.

This brings us to the exception taken to the Court's action on the prayers of which the appellee offered one and the appellant eleven.    The appellant besides a general objection to the appellee's prayer filed a special exception to it based on the want of evidence to sustain it.    The Court overruled the special exception and granted the appellee's prayer and the second, third, and fourth prayers of the appellant and rejected all others.    The prayer of the appellee seems to be properly framed for the state of evidence that the prayer assumes, but as we find that the evidence which was the subject of the appellant's second exception was improperly in the case the prayer ought not to have been granted.    Besides this it may be said it does not appear anywhere in the record that the appellee offered any proof that the property he claimed as withheld from or not delivered to him according to the contract of August 7th, 1899, belonged to the vendor Baldt or his wife.    It was important that there should have been some distinct proof on this point in view of certain other evidence in the record.

The defendant's first prayer, upon the assumption that the case was to go to the jury, was properly rejected.    There was evidence of a new promise.    The defendant's fifth prayer was properly rejected because the appellee had the right to take possession of the property referred to and rely on the contract he had with the appellant to save him harmless for any loss of property to which he was entitled, by reason of its non-delivery to him.    The appellant's sixth prayer was properly refused for reasons appearing in the discussing of the first exception.    The proposition asserted in the appellant's seventh prayer was correct in view of what has been said in disposing of the second exception.    Its particular form was too general. The eighth prayer was properly refused for reasons appearing in passing on the third exception.    The appellant's ninth prayer was right in the proposition asserted therein for reasons

assigned in disposing of the second exception and appellee's prayer. No error has been pointed out in the appellant's tenth prayer and we discover none. The appellant's eleventh prayer simply emphasizes certain of the evidence and deals with matter more appropriate for argument to the jury than for instruction from the Court. The appellant could suffer no injury from its refusal and there was no error in such refusal.

It follows from what has been said in disposing of the several exceptions that the judgment below must be reversed.

*Judgment reversed with costs to the appellant and new trial awarded.*

(Decided June 20th, 1905.)